CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 30, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Teresa D. Nixon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:21-cv-00011 |
| | ) | |
| Kysela Pere Et Fils, LTD., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Francis J. Kysela, V, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendants' bill of costs (Dkt. 64), Defendant Kysela Pere Et Fils, Ltd.'s ("KPF") motion for attorney's fees and costs (Dkt. 66), and Plaintiff Teresa D. Nixon's motion for leave to file an opposition to the motion for attorney's fees and costs (Dkt. 80.) Defendants filed the bill of costs and motion following this court's March 17, 2022 order granting summary judgment in their favor. The court held the bill of costs and two motions in abeyance and stayed a resolution pending Nixon's appeal to the United States Court of Appeals for the Fourth Circuit. (Dkts. 79, 83.)

On August 6, 2024, the Fourth Circuit vacated the order granting summary judgment and remanded for further proceedings. *See Nixon v. Kysela Pere et Fils, Ltd.*, No. 22-1406, 2024 WL 3666166 (4th Cir. Aug. 6, 2024). Because the Fourth Circuit's decision vacated the

1

judgment that gave rise to Defendants' request for fees and costs, the court will deny as moot the bill of costs, motion for attorney's fees and costs, and Nixon's motion for leave to file an opposition.

## I.    Background

In her second amended complaint, Nixon alleged causes of action for hostile work environment and *quid pro quo* sexual harassment in violation of Title VII of the Civil Rights Act of 1964, breach of her employment agreement, and gross negligence.  (Dkt. 28.)   On August 19, 2021, the court held that Nixon failed to state a claim for hostile work environment and dismissed that claim with prejudice.  (Dkt. 36.)   It also dismissed her gross negligence claim against KPF but allowed that claim to proceed against Defendant Francis J. Kysela, V. (*Id.*)  Following discovery, Defendants moved for summary judgment on the remaining counts. (Dkt. 51.)   On March 17, 2022, the court granted the motion for summary judgment and entered a final judgment in Defendants' favor.  (Dkts. 61, 63.)

Shortly after the entry of judgment, Defendants filed a bill of costs in the amount of $15,068.82.   (Dkt. 64.)   KPF also filed a motion for attorney's fees and costs seeking $390,030.10 in fees in addition to the $15,068.82 in costs. (Dkt. 66.)  While those filings were pending, Nixon filed a notice of appeal to the Fourth Circuit.  (Dkt. 69.)  On September 8, 2022, the court entered an order holding the bill of costs and motion in abeyance and staying a decision until the Fourth Circuit resolved Nixon's appeal.  (Dkt. 79.)   This court also stayed Nixon's motion for leave to file a late opposition to KPF's fee motion, which Nixon filed after missing the response deadline.  (Dkts. 80, 83.)

Nixon appealed the order granting summary judgment as to her *quid pro quo* sexual harassment and breach-of-contract claims, as well as the earlier order dismissing her hostile work environment claim.  On August 6, 2024, the Fourth Circuit affirmed the dismissal of the hostile work environment claim, vacated summary judgment as to the *quid pro quo* sexual harassment and breach-of-contract claims, and remanded to this court for further proceedings on those two claims.  *Nixon*, 2024 WL 3666166, at *1.  Nixon filed a petition for a rehearing, which the Fourth Circuit denied on September 17, 2024.  (Dkt. 88.)  The Fourth Circuit's mandate issued on September 25, 2024, returning jurisdiction to this court.  (Dkt. 89.)

## II.   Discussion

In its motion, KPF argued it was entitled to recover attorney's fees and costs based on the terms of the parties' employment agreement and Federal Rule of Civil Procedure 54(d).  In relevant part, the employment agreement provided that "[i]n the event that any party is required to initiate legal proceedings against the other to enforce any provisions hereof, the party prevailing in that action may recover, in addition to its other costs, its reasonable attorney's fees."  (Def.'s Memorandum in Support of Motion for Attorney's Fees and Costs at 3 (Dkt. 67) [hereinafter "Def.'s Memo."] (quoting Def.'s Ex. 1 at 8).)  And under Rule 54(d), "a prevailing party is presumptively entitled to costs 'other than attorneys' fees,' unless a federal statute, the federal rules, or a court order provides otherwise."  *McCoy v. Univ. of Va. Med. Ctr.*, No. 3:19-cv-00050, 2021 WL 3282150, at *2 (W.D. Va. July 30, 2021) (quoting Fed. R. Civ. P. 54(d)(1)).

Defendants' request for fees and costs rested on the summary judgment award, and particularly on the denial of Nixon's breach-of-contract claim.  (*See* Def.'s Memo. at 1–2

3

("[B]ecause the Court granted summary judgment in Defendants [sic] favor on all remaining claims—including as to Nixon's claim for breach of contract—KPF is the prevailing party under the Agreement and, thus, entitled to recover its reasonable attorneys' fees and costs in this case.").)  KPF asked only for "fees that were necessarily incurred in defense of Plaintiff's breach of contract claim, including fees incurred as a result of the overlapping issues and common core of facts giving rise to her lawsuit that cannot be parsed out by claim." (*Id.* at 2.) It "d[id] not seek recovery for fees associated with the defense of unrelated claims, such as Plaintiff's claim for gross negligence, or for work that was clearly unrelated to Nixon's contract claim." (*Id.*)

By vacating summary judgment as to the breach-of-contract claim and *quid pro quo* sexual harassment claim, the Fourth Circuit's decision eliminated the predicate for Defendants' request for fees and costs.  The decision therefore moots Defendants' request. *See, e.g.*, *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 20 F. Supp. 2d 66, 69 (D.D.C. 1998) (denying defendants' motion for attorney's fees and costs as moot following vacatur of summary judgment order).  If Defendants ultimately obtain a favorable judgment in this action, they may refile a motion for fees and costs at that time.

### III.   Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Defendants' bill of costs (Dkt. 64) and KPF's motion for attorney's fees and costs (Dkt. 66) are **DENIED** as moot.  Nixon's motion for leave to file an opposition to KPF's motion (Dkt. 80) is also **DENIED** as moot. Pursuant to this court's September 8, 2022 order (Dkt. 79), the parties are directed to file a

joint status report within 14 days of the Fourth Circuit's mandate, which issued on September 25, 2024.

**ENTERED** this 30th day of September, 2024.

/s/ *Jasmine H. Yoon*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE