IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
January 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

| | |
|---|---|
| Teresa D. Nixon, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Kysela Pere et Fils, LTD, | ) |
| | ) |
| and | ) |
| | ) |
| Francis J. Kysela, V, | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 5:21-cv-00011

### MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant Kysela Pere et Fils, Ltd.'s ("KPF") motion to continue the date of trial (Dkt. 96). For the reasons that follow, the court will grant KPF's motion.

### I.    Background

Plaintiff Teresa Nixon filed this lawsuit against KPF and Francis J. Kysela, V ("Kysela"), KPF's owner, on February 16, 2021. (*See* Dkt. 1.) Her second amended complaint alleged causes of action for hostile work environment and *quid pro quo* sexual harassment in violation of Title VII of the Civil Rights Act of 1964, breach of contract, and gross negligence. (Dkt. 28.) On August 19, 2021, the court dismissed the hostile work environment claim (against both Defendants) and gross negligence claim (against KPF) with prejudice. (Dkts. 35, 36.) Following discovery, Defendants moved for summary judgment on the remaining claims.

(Dkt. 51.)  On March 17, 2022, the court granted Defendants summary judgment on all counts.  (Dkts. 61, 63.)

On August 6, 2024, the U.S. Court of Appeals for the Fourth Circuit vacated the summary judgment order as to Nixon's Title VII *quid pro quo* sexual harassment and breach-of-contract claims and remanded those two claims for further proceedings.  (Dkt. 84.)  The Fourth Circuit's mandate issued on September 25, 2024.  (Dkt. 89.)

On October 18, 2024, after conferring with the parties, this court scheduled trial for June 2–6, 2025.  (Dkt. 93.)  KPF now moves for a continuance on the ground that the current trial dates will prevent Kysela[1] from participating in certain events and activities related to his son's June 7, 2025 wedding.  (Dkt. 96.)  Nixon opposes a continuance.  (Dkt. 97.)

## II.    Analysis

Federal Rule of Civil Procedure 16(b) provides that the schedule set by the court "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The decision to grant or deny a motion to continue is "a matter left to the court's sound discretion."  *Linear Prods., Inc. v. Marotech, Inc.*, 189 F. Supp. 2d 461, 464 (W.D. Va. 2002) (citing *Cromwell Field Assocs., LLP v. May Dep't Stores Co.*, 5 F. App'x 186, 189–90 (4th Cir. 2001)).  To demonstrate good cause for amending a scheduling order, the moving party generally must "show that the deadlines cannot reasonably be met despite the party's diligence."  *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam).  When assessing whether a party has shown good cause, "courts may consider whether the moving party acted in good faith,

---

[1] Nixon's two surviving claims are alleged against KPF only.  But KPF has represented that Kysela will be its primary witness at trial, and Nixon's claims arise in large part from her lengthy personal relationship with Kysela.

the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-cv-00066, 2019 WL 1880148, at *2 (W.D. Va. Apr. 26, 2019) (internal quotation marks omitted).

The court has weighed the relevant factors and finds good cause to continue the trial date. KPF demonstrated reasonable diligence in bringing Kysela's scheduling conflict to the court's attention more than five months before trial. Further, the court has no reason to question KPF's good faith in requesting a continuance. KPF represents that Kysela learned of the schedule of events for his son's wedding only after the court set the June 2–6, 2025 trial dates. There are no grounds for concluding, as Nixon suggests, that Kysela intentionally scheduled his son's wedding on June 7, 2025, to delay this trial.

KPF proposes a new trial date in September 2025 and has represented that it is willing to consider earlier dates based on the court's availability. The court appreciates that the events giving rise to Nixon's lawsuit occurred in 2019 and that this case has now been pending for close to four years, including Nixon's successful appeal to the Fourth Circuit, which took approximately two-and-a-half years to resolve. But granting KPF's request for a short continuance will not unduly prejudice Nixon's ability to prepare for trial.

### III.    Conclusion and Order

Accordingly, KPF's motion to continue the date of trial (Dkt. 96) is **GRANTED**. The Clerk will confer with the parties to schedule a new trial date.

ENTERED this <u>24th</u> day of January, 2025.

/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

- 3 -